FILED

APR 21 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30173 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-06051-WFN-1 |
| v. | |
| ANTONIO GOMEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Wm. Fremming Nielsen, Senior District Judge, Presiding

Argued and Submitted April 15, 2011
Seattle, Washington

Before: KLEINFELD, TASHIMA, and SILVERMAN, Circuit Judges.

Based on the affidavit in support of the application for the search warrant,

under the totality of the circumstances, there was a "fair probability that

contraband or evidence of a crime" would have been found at the North Hugo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Avenue property. Thus, the magistrate had a substantial basis to determine that probable cause existed. See generally United States v. Crews, 502 F.3d 1130, 1135 (9th Cir. 2007); Illinois v. Gates, 462 U.S. 213, 238 (1983).

Because the search warrant authorized officers to search for "any and all paperwork, documents, vehicle registrations, driver's licenses, or identification cards with the names Sergio Betel Gomez, Antonio Gomez or any combination thereof" on them, the search of the rag was within the scope of the warrant. Cf. United States v. Gomez-Soto, 723 F.2d 649, 654 (9th Cir. 1984) ("It is axiomatic that if a warrant sufficiently describes the premises to be searched, this will justify a search of the personal effects therein belonging to the person occupying the premises if those objects might contain the items described in the warrant." (emphasis added)). A driver's license with a false name, or several, might well be concealed in a rag.

Also, the officer was performing "an otherwise lawful search" for the items specified in the warrant, and would immediately recognize the item in the rag by feel as evidence of a crime. Thus, under the "plain touch" exception to the

2

exclusionary rule, the district court did not err in refusing to suppress the firearm.

See <u>Minnesota v. Dickerson</u>, 508 U.S. 366 (1993).

AFFIRMED.